UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL MORASKI, | ) | CIVIL ACTION |
| | ) | CASE NO. 3:01CV127 (GLG) |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NEW HAVEN HOUSING | ) | |
| AUTHORITY and CITY OF NEW HAVEN, | ) | |
| | ) | |
| DEFENDANTS. | ) | NOVEMBER 21, 2003 |

### MOTION FOR ENFORCEMENT OF SETTLEMENT

The defendant, Housing Authority of the City of New Haven ("Housing Authority"), hereby moves for enforcement of a settlement entered into between the Housing Authority and the plaintiff, Paul Moraski ("Mr. Moraski") at a mediation before the Court (Garfinkel, J.) on July 16, 2003.

### BACKGROUND

The above-captioned matter was brought by Mr. Moraski against the Housing Authority and the City of New Haven by Writ, Summons and Complaint dated December 17, 2000. The Complaint is a plea for compensation for economic damages that Mr. Moraski claims to have suffered when the Housing Authority terminated his certification as a property owner and landlord to provide housing to individuals participating in the federally subsidized Section 8 housing program pursuant to the Housing and Community Development Act of 1974, 42 U.S.C. § 1437f.

345055

On July 16, 2003, the parties participated in a mediation before The Honorable William I. Garfinkel at the United States District Court for the District of Connecticut at Bridgeport. The mediation resulted in a settlement of Mr. Moraski's claims against the Housing Authority, the terms of which included the following: (1) A lump sum payment of $7,500 by the Housing Authority to Mr. Moraski; (2) the surrender and/or destruction of all audio tapes, and the transcripts thereof, memorializing an alleged conversation between Mr. Moraski and Housing Authority representatives; (3) a mutual confidentiality agreement concerning the substance of the audio tapes, as well as the terms of the settlement; and (4) the full release by Mr. Moraski of the Housing Authority, its employees, agents and servants, and Monica Blazic, a former employee.

At the conclusion of the mediation, the parties appeared before the Court (Garfinkel, J.) and placed the terms of the settlement as described above on the record. Judge Garfinkel canvassed Mr. Moraski in an effort to determine whether his decision to settle his claim against the Housing Authority was knowing and voluntary:

> THE COURT: Okay.
>
> Well, I want to thank counsel and the parties, and, Mr. Moraski, is what counsel has outlined, your understanding of the agreement, as well?
>
> MR. MORASKI: Correct.
>
> THE COURT: And obviously you have authority for yourself to settle, so I assume that you can go on the record saying that this is an agreement you're willing to live by, as well?
>
> MR. MORASKI: Correct.

See Transcript of On the Record Settlement Conference, July 16, 2003 (copy attached hereto as Exhibit A).

As part of the settlement, the parties agreed to execute a written agreement that set forth the above-described settlement parameters. This agreement was to be drafted by counsel for Mr. Moraski, Alexander Scheirer, and forwarded to counsel for the Housing Authority, Christopher Brigham.

On or about August 29, 2003, in response to several requests from Attorney Brigham, Attorney Scheirer forwarded a draft Settlement Stipulation and Agreement for review. See Scheirer letter, August 29, 2003 (copy attached hereto as Exhibit B). On or about September 9, 2003, Attorney Brigham sent a letter to Attorney Scheirer requesting that certain changes be made to the draft Settlement Stipulation and Agreement – namely, that the agreement include a provision that all original and duplicates of the aforementioned audiotapes and transcripts be destroyed. See Brigham letter, September 9, 2003 (copy attached hereto as Exhibit C). This request was consistent with the terms of the settlement as placed on the record before Judge Garfinkel on July 16, 2003.

Between September 9 and 25, 2003, Attorney Brigham placed numerous telephone calls to Attorney Scheirer inquiring as to the status of revisions to the draft Settlement Stipulation and Agreement. On or about September 25, 2003, Attorney Brigham sent a letter to Attorney Scheirer requesting that the agreement be revised and re-circulated without further delay. See Brigham letter, September 25, 2003 (copy attached hereto as Exhibit D). Attorney Scheirer never responded to Attorney Brigham's September 25, 2003 letter.

345055

- 3 -

On or about October 20, 2003, counsel participated in a teleconference with Judge Garfinkel during which time counsel for Mr. Moraski could not offer an explanation as to why the settlement had not been consummated. Accordingly, counsel and the Court (Garfinkel, J.) agreed that counsel for the defendant Housing Authority should proceed with a Motion to Enforce the settlement upon receipt of the transcripts.

**ARGUMENT**

"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Audubon Parking Associates Ltd. Partnership v. Barclay & Stubbs, Inc., 225 Conn. 804, 811 (1993). "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2nd Cir. 1986).

The Second Circuit Court of Appeals has noted the important policy behind a court's power to summarily enforce a settlement agreement:

> Due regard for the proper use of judicial resources requires that a trial judge proceed with entry of a settlement judgment after affording the parties an opportunity to be heard as to the precise content and wording of the judgment, rather than resume the trial and precipitate an additional lawsuit for breach of settlement agreement.

MacDonald v. Dragone Classic Motor Cars, 2003 U.S. Dist. LEXIS 14587 (quoting Janus Films, Inc., 801 F.2d at 583). "Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes." Janus Films, Inc., 801 F.2d at 583.

It has now been more than four months since Ms. Moraski agreed, in the presence of the Court, to settle the above-captioned litigation as to the Housing Authority. He knowingly and voluntarily agreed to settle on the terms set forth above, which were and are clear and unambiguous. The draft Settlement Stipulation and Agreement drafted by Mr. Moraski's attorney (and if revised in accordance with Attorney Brigham's September 9, 2003 letter) is consistent with the settlement terms as placed on the record on July 16, 2003. In the interest of judicial economy, and in order to preserve the integrity of the settlement process, Mr. Moraski should be compelled to execute a revised Settlement Stipulation Agreement without further delay and comply with the terms of settlement as set forth therein. In the alternative, if he continues to avoid settling this matter on the agreed-upon terms, the Court should dismiss Mr. Moraski's claims against the Housing Authority and preclude any recovery on his part for damages.

**WHEREFORE,** the Housing Authority respectfully requests that its Motion for Enforcement of Settlement be granted.

        DEFENDANT,
        HOUSING AUTHORITY OF
        THE CITY OF NEW HAVEN

By: _____
        CHRISTOPHER L. BRIGHAM, ESQ.
        Federal Bar No. ct12410
        Updike, Kelly & Spellacy, P.C.
        One Century Tower
        265 Church Street, 10th Floor
        New Haven, Connecticut 06510
        Telephone:  (203) 786-8300
        Facsimile:   (203) 772-2037
        Email:       cbrigham@uks.com

Case 3:01-cv-00127-MRK    Document 54    Filed 11/24/2003    Page 7 of 20

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
PAUL MORASKI,                     .   Case No. 3:01-CV-00127
                                  .     (GLG)
            Plaintiff,            .
                                  .   Hartford, Connecticut
       v.                         .   July 16, 2003
                                  .
NEW HAVEN HOUSING, ET AL.,        .
                                  .
            Defendants.           .
. . . . . . . . . . . . . . .
```

ON THE RECORD SETTLEMENT CONFERENCE
BEFORE THE HONORABLE WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:   Scheirer & Geller
                      By: ALEXANDER SCHEIRER, ESQ.
                      2519 Whitney Avenue
                      Hamden, Connecticut 06518

For the Defendant:    Updike, Kelly & Spellacy
                      By: CHRISTOPHER BRIGHAM
                          ESQ.
                      One Century Tower
                      265 Church Street
                      New Haven, Connecticut 06510

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

```
 1        (Proceedings commenced.)
 2        THE COURT:  Okay.  We're here on the case of
 3   Moraski v. New Haven Housing Authority, and it's 3:01-
 4   CV-00127, and it's assigned to Judge Goettel.
 5        I'm here with counsel and representatives of
 6   the parties, Mr. Moraski, and also Mr. Yandle of the
 7   New Haven Housing Authority.
 8        Your position, Mr. Yandle, is actually?
 9        MR. YANDLE:  Executive director.
10        THE COURT:  Executive director, okay, and
11   you're here with authority on behalf of the housing
12   authority?
13        MR. YANDLE:  Yes, I am.
14        THE COURT:  Okay.  So at this point let me
15   turn to counsel, Mr. Scheirer and Mr. Brigham, and ask
16   if one of you would take the laboring oar, putting the
17   essential terms of the agreement on the record?
18        MR. SCHEIRER:  I'll be happy to, Your Honor.
19        For the record, it's Attorney Alexander
20   Scheirer, S-c-h-e-i-r-e-r, representing Mr. Moraski.
21        The terms of the settlement are as follows:
22        There will be an exchange of $7,500 from the
23   New Haven Housing Authority, defendant, to the
24   plaintiff, Paul Moraski, by way of respective counsel.
25        There will be a settlement agreement
```

1  prepared. The settlement agreement will provide for
2  release for Mr. Moraski, not only to the defendant
3  entity, but also to all of its employees, agents,
4  representatives and affiliates, and of particular note
5  is that in the text of the settlement agreement, which
6  would be in manuscript form and signed by all the
7  parties, there'll be a specific provision for
8  confidentiality, nondisclosure of:
9        (1) The audio tapes in this matter, and I
10 would also like to point out the audio tapes will be
11 surrendered by my office directly to Attorney Brigham,
12 as counsel for the defendant; and
13        (2) there will be no release of the
14 transcripts, or any part of the transcripts, by Mr.
15 Moraski or this office to any third party.
16       THE COURT: And there would be, I guess, a
17 stipulation of dismissal under Rule 41, which is --
18       MR. SCHEIRER: That is correct, Your Honor.
19       THE COURT: Right.
20       Mr. Brigham, Mr. Scheirer --
21       MR. BRIGHAM: Your Honor, yes, in terms of --
22 I would just request that in addition to the agents and
23 assigns of the housing authority, that we specifically
24 would reference Monica Blazic because she's a former
25 employee of the housing --

1      THE COURT: She's a former employee, right.
2      MR. BRIGHAM: -- of the housing -- Yeah, of
3  the housing authority.
4      Also, with respect to the confidentiality, I
5  would expect that would extend to the terms of the
6  settlement of this case, as well.
7      THE COURT: Sure. That -- Mr. Scheirer, is
8  that correct?
9      MR. SCHEIRER: That is understood, Your
10 Honor, and that certainly will be incorporated within
11 the text of the manuscript and settlement agreement.
12     THE COURT: And, of course, any normal
13 exceptions to confidentiality would be for, obviously,
14 you know, Mr. Moraski's spouse or partner or -- and if
15 -- and, of course, whoever prepares his taxes and --
16     MR. SCHEIRER: Right, Your Honor.
17     MR. BRIGHAM: And, in addition, I would
18 request a provision that any breach of the
19 confidentiality would be actionable, and the prevailing
20 party in that would be entitled to their attorney's
21 fees, and that could be mutual as to both Mr. Moraski
22 and the housing authority.
23     THE COURT: Yeah. That wouldn't be unusual.
24 That would be -- That's -- I mean, that's usually the
25 teeth that would be in there for a confidentiality

1    agreement, and you could make it mutual.
2            MR. SCHEIRER: Your Honor, it was my
3    intention to have such provision, as I routinely
4    incorporate such a provision as to accord the Court to
5    put teeth into it.
6            THE COURT: Okay.
7            Well, I want to thank counsel and the
8    parties, and, Mr. Moraski, is what counsel has
9    outlined, your understanding of the agreement, as well?
10           MR. MORASKI: Correct.
11           THE COURT: And obviously you have authority
12   for yourself to settle, so I assume that you can go on
13   record saying that this is an agreement you're willing
14   to live by, as well?
15           MR. MORASKI: Correct.
16           THE COURT: And, Mr. Yandle, I know that you
17   are here for authority on behalf of the entity, the New
18   Haven Housing Authority.
19           Is this an agreement that the housing
20   authority is willing to live by, as well?
21           MR. YANDLE: Yes, it is.
22           THE COURT: Thank you.
23           I want to thank, obviously, both of you.
24   You've been gentlemen to work with, and -- as with
25   counsel, as well.

```
 1            MR. SCHEIRER:  One additional matter --
 2    housekeeping matter, Your Honor.
 3            Previously, defense counsel had filed a
 4    motion requesting, in accordance with local rules, that
 5    Mr. Moraski deposit with the clerk of the court, a $500
 6    amount as court -- as -- deposit for fees.
 7            I would ask that the Court order the release
 8    of that amount.
 9            THE COURT:  Yeah, can we -- Oh, that's true.
10    It's a -- Yeah, it's a bond for costs, you know, that's
11    -- That could be released, right?
12            MR. BRIGHAM:  Yes, Your Honor.
13            THE COURT:  So I'll go ahead, on record, that
14    -- Elaina, could you just note that that could be
15    released?
16            THE COURT CLERK:  (Inaudible.)
17            THE COURT:  Okay.  Thanks.  Thank you.
18            MR. SCHEIRER:  Okay.  Thank you, Your Honor.
19            THE COURT:  Yeah.  Thank you.  Take care
20    guys.
21            MR. SCHEIRER:  Thank you.
22            THE COURT:  Be well.  Good luck in business.
23         (Proceedings concluded.)
24
25
```

7

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_*Stephen C. Bowles*_  November 14, 2003

STEPHEN C. BOWLES

# THE ALEXANDER SCHEIRER LAW FIRM, LLC

2519 WHITNEY AVENUE
HAMDEN, CONNECTICUT 06518

ALEXANDER SCHEIRER

ROBERTA G. GELLER
OF COUNSEL

TELEPHONE: (203) 288-6955
FACSIMILE: (203) 288-9345

## facsimile TRANSMITTAL

# PRIORITY

**Name:** CHRISTOPHER BRIGHAM, ESQ.
**Organization:** UPDIKE, KELLY & SPELLACY, P.C.
**Fax:** (203) 772-2037
**Phone:**
**From:** ALEXANDER SCHEIRER, ESQ.
**Date:** August 29, 2003
**Subject:** MORASKI v. CITY OF NEW HAVEN
**Pages:** 7

Comments:

Please see attached draft settlement agreement which had been prepared and forwarded for review and comment by Mr. Moraski.

# Updike, Kelly & Spellacy, P.C.   Counselors at Law

Hartford • New Haven • Stamford

One Century Tower, 265 Church Street
New Haven, Connecticut 06510-7002
Telephone (203) 786-8300
Facsimile (203) 772-2037

**MERITAS**
LAW FIRMS WORLDWIDE

Christopher L. Brigham
(203) 786-8310
(203) 786-8305 Fax
cbrigham@uks.com

September 9, 2003

Alexander Scheirer, Esq.
Scheirer & Geller, LLC
2519 Whitney Avenue
Hamden, CT 06518

Re: Docket No. 3:01CV127(GLG)
*Moraski v. City of New Haven Housing Authority*

Dear Attorney Scheirer:

I am in receipt of the draft stipulation you forwarded on August 29, 2003. Please make the following revisions. As we discussed before Judge Garfinkel, please include a provision in Paragraph 3 that all original or duplicate copies of the tape recordings and transcriptions thereof will be destroyed. Secondly, I do not recall discussing a mutual release of Moraski before Judge Garfinkel as set forth in Paragraph 7. However, the Housing Authority is willing to agree to the release of Moraski as set forth in Paragraph 7 for the specific property at issue, that being 27-29 Blake Street.

Please make the aforementioned revisions and send me a revised Stipulation. Thank you for your cooperation.

Very truly yours,

*Christopher L. Brigham* LDB

CHRISTOPHER L. BRIGHAM

cc: Steve Yandle

336868

# Updike, Kelly & Spellacy, P.C. — Counselors at Law

Hartford • New Haven • Stamford

One Century Tower, 265 Church Street
New Haven, Connecticut 06510-7002
Telephone (203) 786-8300
Facsimile (203) 772-2037

**MERITAS**
LAW FIRMS WORLDWIDE

Christopher L. Brigham
(203) 786-8310
(203) 786-8305 Fax
cbrigham@uks.com

September 25, 2003

**VIA FACSIMILE 288-9345**

Alexander Scheirer, Esq.
Scheirer & Geller, LLC
2519 Whitney Avenue
Hamden, CT 06518

Re:   Docket No. 3:01CV127(GLG)
      *Moraski v. City of New Haven Housing Authority*

Dear Attorney Scheirer:

As you know, it has now been over two months since we settled the above-referenced action on the record before Judge Garfinkel. I have repeatedly called you and corresponded with you about finalizing the Stipulation of Dismissal. Please be advised that if I do not have the executed documents from your client by October 1, 2003, I will move to enforce the settlement and seek the associated costs from your client.

In another development, as you know, it has come to my attention that your client may have spoken to the New Haven Register about the settlement. If this proves to be the case, please remind your client that he agreed on the record to keep the terms and conditions of the settlement confidential as well as the allegations and purported tape recordings. He should also be reminded that we are entitled to our attorney fees associated with any action seeking to enforce the confidentiality agreement.

I look forward to receiving the signed documents and to concluding this matter. Thank you for your prompt attention.

Very truly yours,

Christopher L. Brigham

cc:   Mr. William DeMayo
      Robert Solomon, Esq.
      Rolan Joni Young, Esq.

339193

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Motion for Enforcement of Settlement was mailed, first class, postage prepaid, this 21st day of November, 2003 to all pro se parties and counsel of record as follows:

Alexander Scheirer, Esq.
Scheirer & Geller, LLC
2519 Whitney Avenue
Hamden, Connecticut  06518

BY: _____
CHRISTOPHER L. BRIGHAM - ct12410
Updike, Kelly & Spellacy, P.C.

345055

- 7 -